IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| BROADCAST MUSIC, INC., SONY/ATV SONGS LLC, BERNARD EDWARDS COMPANY LLC, EMI VIRGIN SONGS, INC., dba EMI Longitude Music, PWMP ACQUISITION I LLC, dba Primary Wave Brian, HOT-CHA MUSIC CO., UNICHAPPELL MUSIC INC., UNIVERSAL MUSIC MGB NA LLC, dba Universal Music Careers, BEECHWOOD MUSIC CORPORATION, E.O. SMITH MUSIC, EMI BLACKWOOD MUSIC, INC., HIP CITY MUSIC, INC., and HIFROST PUBLISHING,<br><br>    Plaintiffs,<br><br> v.<br><br>TRIPLE NICKEL PUB, LLC, dba Triple Nickel Pub, and FADI NABOULSI,<br><br>    Defendants. | No. 3:14-cv-01093-HZ<br><br>OPINION & ORDER |

Loren D. Podwill
Nels J. Vulin
Bullivant Houser Bailey, PC
888 SW Fifth Ave., Ste. 300
Portland, OR 97204

  Attorneys for Plaintiffs

1 - OPINION & ORDER

HERNÁNDEZ, District Judge:

Plaintiffs move for entry of default judgment [18] against Defendants. The court grants the motion and awards $12,000 in statutory damages, attorney fees of $5,500, and costs of $455.

## BACKGROUND

Plaintiffs bring this action for copyright infringement under the Copyright Act, 17 U.S.C. § 101 et seq. Plaintiffs allege eight instances of willful copyright infringement based on Defendants' unauthorized public performance of musical compositions. Compl. ¶ 23. Plaintiffs request that Defendants be enjoined from infringing on Plaintiffs' copyrighted musical compositions, statutory damages, attorney fees, and costs. Id. at 6.

## STANDARD

Rule 55(a) requires the Clerk of the Court to enter an order of default if a party has failed to timely plead or otherwise defend. "[U]pon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977); SEC v. Wencke, 577 F.2d 619, 622 (9th Cir. 1977) (without an answer in the record, every well-pleaded allegation in the complaint is deemed admitted). As to whether to enter a default judgment, the court has discretion. DIRECTV, Inc. v. Hoa Huynh, 503 F.3d 847, 852 (9th Cir. 2007). In exercising its discretion, the court may consider

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986). "[D]efault judgments are ordinarily disfavored." Id. at 1472.

DISCUSSION

This case was filed on July 9, 2014. Defendants were served on July 16, 2014. Affidavits of Service [11, 12]. Plaintiffs' moved for entry of default, which was entered on September 23, 2014. Clerk's Entry of Default [16]. Before me is Plaintiffs' motion for entry of default judgment. Plaintiffs request statutory damages of $1,500 per violation, for a total of $12,000 for the eight claims of copyright infringement.[1] Pls.' Mem. 3. Plaintiffs also request $5,500 in attorney fees and $455 in costs. Vulin Decl. ¶ 7. The court has reviewed the declarations in support of the motion and considering the seven factors, finds that entry of default judgment is warranted.

CONCLUSION

Based on the foregoing, Plaintiffs' motion for entry of default judgment [18] is granted. Plaintiffs are awarded $12,000 in statutory damages, $5,500 in the attorney fees, and $455 in costs.

IT IS SO ORDERED.

Dated this ___9___ day of December, 2014.

/s/ Marco Hernández
MARCO A. HERNÁNDEZ
United States District Judge

---

[1] The court may award between $750 and $30,000 in statutory damages for violation of each work. 17 U.S.C. § 504(c)(1).

3 - OPINION & ORDER